[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-14170
Non-Argument Calendar

_____

D.C. Docket No. 2:07-cr-00147-WHA-SRW-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHARLES ASHLEY MCBRIDE,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(May 25, 2018)

Before MARCUS, ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

Charles Ashley McBride appeals his 60-month sentence, imposed above the advisory guidelines range, for violating the terms of his supervised release. He argues that the sentence is procedurally unreasonable because the district court failed to provide a sufficient explanation for imposing an upward variance and substantively unreasonable because the district court improperly weighed the sentencing factors set forth in 18 U.S.C. § 3553(a). Because the district court adequately explained its reasoning for imposing an upward variance and did not abuse its discretion in weighing the § 3553(a) sentencing factors, we affirm.

## I.    BACKGROUND

In 2008, McBride pled guilty to distributing 50 grams or more of cocaine base. At his sentencing hearing, the district court calculated McBride's guidelines range as 120 months' imprisonment based on the mandatory minimum for his offense. The government filed a motion for a downward departure based on McBride's substantial assistance, which the court granted. The district court sentenced McBride to 96 months' imprisonment followed by five years of supervised release. The district court imposed as a condition of McBride's supervised release that he not commit another federal, state, or local crime.

2

In 2017, after McBride had completed his prison term and was on supervised release, his probation officer, Seth Spooner, conducted a routine visit to McBride's home and found approximately 84 grams of methamphetamine in a bedroom. Spooner then filed a petition to revoke McBride's supervised release on the basis that McBride had violated the condition that he not commit another federal, state, or local crime. McBride pled not guilty to this charge.

At the revocation hearing, Spooner testified about finding the methamphetamine during a routine visit to McBride's home, which had three bedrooms. When Spooner arrived, McBride's nephew, who also lived in the home, told him that McBride was in the back bedroom. When McBride came out of the back bedroom, he told Spooner that his bedroom was the first bedroom on the left. Spooner looked in the first bedroom and saw a gun box for a Beretta firearm. Spooner observed that McBride was nervous and wanted to keep him from entering the middle and back bedrooms.

When Spooner entered the middle bedroom, he saw McBride's driver's license, mail addressed to McBride, multiple bags containing a substance that field tested positive for methamphetamine, baggies, and digital scales, as well as a business card that Spooner had given McBride. In total, nine bags containing 84 grams of methamphetamine were found in this room. Spooner then searched McBride and found a set of digital scales in his pocket. Spooner called for backup

3

from local law enforcement.  Those officers searched the back bedroom and found

shotgun shells, a set of digital scales, and medicine bottles that appeared to contain

urine. The officers told Spooner that they had detained McBride the previous year

for possessing methamphetamine.  Spooner testified that McBride had failed to

report this encounter.

After hearing evidence and argument from the attorneys, the district court

found by a preponderance of the evidence that McBride had possessed with intent

to distribute methamphetamine.  The district court then proceeded to sentence

McBride.

The district court found that McBride's guidelines range was 30 to 37

months' imprisonment.  McBride urged the district court to impose a sentence at

the bottom of the range.  The government requested that the district court apply an

upward variance and impose a sentence of 60 months, the statutory maximum.

The district court imposed an upward variance and sentenced McBride to 60

months' imprisonment, explaining that McBride's conduct was "substantially more

serious than simply a first violation" and that he had received a substantial

downward departure on his original sentence.  Tr. at 20 (Doc. 76).[1]  The court also

noted that McBride had been caught possessing methamphetamine a year earlier

and received no punishment.  The court expressly stated that it imposed the

---

[1] Citations to "Doc. #" refer to entries on the district court's docket.

sentence after considering the factors set forth in 18 U.S.C. § 3553.  McBride

objected to the court's upward variance, and the court overruled his objection.

## II.    STANDARD OF REVIEW

We review the reasonableness of a sentence imposed after revocation of

supervised release for abuse of discretion.  *See United States v. Trailer*, 827 F.3d

933, 935 (11th Cir. 2016).

## III.    DISCUSSION

If a district court finds that a defendant violated a condition of his supervised

release, the court may revoke the supervised release and impose a prison term.

18 U.S.C. § 3583(e).  In imposing imprisonment upon revocation of supervised

release, the district court must consider the factors set forth in 18 U.S.C. § 3553(a).

*See United States v. Sweeting*, 437 F.3d 1105, 1107 (11th Cir. 2006).  These

factors include: the nature and circumstances of the offense, the history and

characteristics of the defendant, the need to deter criminal conduct and protect the

public, the kinds of sentences available, the applicable guidelines range, the

pertinent policy statements of the Sentencing Commission, the need to avoid

unwarranted sentencing disparities, and the need to provide restitution to victims.

*See* 18 U.S.C. § 3553(a).

In reviewing the reasonableness of a sentence imposed after the revocation

of supervised release, we apply the same two-step process as we do for any other

sentence. *Trailer*, 827 F.3d at 935-36. In the first step, we "look to whether the district court committed any significant procedural error, such as . . . failing to adequately explain the chosen sentence." *Id.* at 936. The requirement to adequately explain the chosen sentence means that the district court must "includ[e] an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007).

In the second step, "we examine whether the sentence is substantively reasonable in light of the totality of the circumstances and the § 3553(a) factors." *Trailer*, 827 F.3d at 935-36. When a sentence is outside the guidelines range, we "may consider the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (internal quotation marks omitted). We will vacate a sentence as substantively unreasonable only if we "are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (internal quotation marks omitted).

McBride argues that his sentence is procedurally unreasonable because the district court failed to explain adequately its basis for imposing an upward

departure and substantively unreasonable because the sentence was greater than necessary in light of the § 3553(a) factors.  We disagree.

Regarding procedural reasonableness, McBride argues that the court failed to provide an adequate justification for its variance from the guidelines range of 30-37 months because the court did not acknowledge that it was applying an upward variance.  A district court must give an adequate explanation for imposing a variance.  *See Gall*, 552 U.S. at 51.  Although the district court did not use the term "variance," after stating on the record that the guidelines range was 30 to 37 months the court imposed a sentence above this range, which was an upward variance.  We conclude that the district court gave an adequate explanation for imposing the variance.  The district court explained that McBride's offense was "substantially more serious than simply a first violation" and noted that the offense involved a "very substantial amount of methamphetamine."  Tr. at 20-21 (Doc. 76).  The court further justified the variance when it discussed that McBride had received a substantial downward departure at his original sentencing and faced "no consequences" when local law enforcement found him with methamphetamine.  *Id.* We are satisfied that this discussion adequately explained the district court's decision to impose an upward variance.

Regarding substantive reasonableness, McBride argues that this sentence was "greater than necessary to achieve the sentencing purposes identified in

7

§ 3553(a)." Appellant's Br. at 14. More specifically, McBride contends that the district court gave too much weight to the nature and circumstances of the offense and to his prior criminal history and failed to consider the other § 3553(a) factors. We are unpersuaded. Certainly, the court emphasized the nature and circumstances of McBride's offense as well as his criminal history. But the district court expressly stated that it had considered "all of the fact[ors] set out in 18 U.S.C. § 3553." Tr. at 21 (Doc. 76).

McBride further asserts that in balancing the § 3553(a) factors the district court should have afforded more weight to the fact that his offense was nonviolent.[2] But we cannot say that the district court abused its discretion in weighing the § 3553 factors as McBride's sentence was within the range of reasonable sentences dictated by the facts of the case, especially considering the quantity of methamphetamine he possessed, his criminal history, and the need for deterrence. We thus conclude that his sentence was substantively reasonable.

## IV. CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED.**

---

[2] McBride also asserts that in weighing the § 3553(a) factors, the district court should have considered that the methamphetamine may have belonged to his nephew. But the district court found by a preponderance of the evidence that the drugs belonged to McBride, and he does not challenge this finding on appeal.